**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **STEPHANIE JACOBS**, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**AOM HEALTHCARE LLC**,<br><br>- and -<br><br>**LP OPCO, LLC D/B/A LAKE POINTE REHABILITATION & NURSING CENTER**,<br><br>Defendants. | Case No.<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND ENDORSED HEREON** |

Plaintiff Stephanie Jacobs ("Plaintiff"), on behalf of herself and others similarly situated, for her Complaint against Defendants AOM Healthcare LLC ("Defendant AOM") and LP Opco, LLC d/b/a Lake Pointe Rehabilitation & Nursing Center ("Defendant Lake Point"), states and alleges as follows:

**NATURE OF COMPLAINT**

1.      This case challenges policies and practices of Defendants that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. Chapter 4111.

2.      Plaintiff brings this case as an FLSA "collective action" on behalf of herself and other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. §216(b).

3.     Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other similarly situated persons who worked for Defendants in Ohio and suffered the same harms described below

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

5.     Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendants' principal places of business are located in this judicial district and division and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and Division.

6.     This Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7.     Plaintiff is an adult individual residing in Conneaut, Ohio.

8.     Plaintiff was jointly employed by Defendants as a non-exempt hourly employee from approximately November 13, 2020 to February 24, 2025. Plaintiff's written Consent to Join this Action is attached hereto as **Exhibit A**.

9.     At all relevant times, Plaintiff and other similarly situated persons were "employees" within the meaning of the FLSA and Ohio law.

10.     At all relevant times, Plaintiff and those similarly situated employees were engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

11.     Defendant AOM is an Ohio domestic limited liability company operating in Ohio and New York. Defendant AOM can be served through its Ohio registered statutory agent: Cogency Global, INC., 3958-D Brown Park Dr., Hilliard OH 43026

12.     Defendant Lake Point is an Ohio domestic limited liability company with its principal place of business at 22 Parrish Rd, Conneaut, Ohio 44030. Defendant Lake Point can be served through its Ohio registered statutory agent: VCORP Agent Service, Inc., 4400 Easton Commons Way, Suite 125, Columbus, OH 43219.

## FACTS

**A.  Defendants have been individual and joint employers of Plaintiff and those similarly situated.**

13.     Defendant AOM holds itself out as having the purpose of acquiring entities and real property in the operation of skilled nursing facilities, senior living facilities, and related business.[1]

14.     Defendant AOM owns and operates the following rehabilitation and nursing center facilities in Ohio and New York: Addison Heights Health and Rehabilitation (Maumee, OH); Cardinal Woods Skilled Nursing and Rehab (Madison, OH); Concord Care Center of Sandusky (Sandusky, OH); Concord Care Center of Toledo (Toledo, OH); Concord Care of Cortland (Cortland, OH); Concord Care of Hartford (Fowler, OH); Eagle Pointe Skilled Nursing (Orwell, OH); Edgewood Manor of Greenfield (Greenfield, OH); Edgewood Manor of Lucasville I & II (Lucasville, OH); Edgewood Manor of Wellston (Wellston, OH); Geneva Center for Rehabilitation and Nursing (Geneva, OH); Good Shepherd Village (Springfield, OH); Hudson Elms Nursing Home (Hudson, OH); Kenton Nursing & Rehab Center (Kenton, OH); Lake Pointe (Conneaut, OH); Medina Center for Rehabilitation (Medina, OH); Parkview Care Center (Massapequa, NY); Parkview Care Center

---

[1] https://bizimage.ohiosos.gov/api/image/pdf/201721500382 (last viewed 5/7/25).

of Fremont (Fremont, OH); Piketon Nursing Center (Piketon, OH); Ridgewood Manor (Maumee, OH); and Washington Square Nursing & Rehab (Warren, OH).

15.     Defendants jointly employ hourly workers to provide various services, including but not limited to general nursing care, medication administration, wound treatment, field assessments, and patient monitoring.

16.     Plaintiff worked at Defendants' Lake Pointe facility in Conneaut, Ohio.

17.     Plaintiff and others similarly situated were hourly employees who worked for Defendant within the last three years.

18.     At all times relevant herein, Plaintiff and others similarly situated were "employees" of Defendants as defined in the FLSA and Ohio law.

19.     At all times relevant herein, Defendants, individually and jointly, were "employers" of Plaintiff and others similarly situated as that term is defined in the FLSA and Ohio law.

20.     Defendants are jointly and severally liable for the overtime violations alleged herein as joint employers of Plaintiff and those similarly situated.

21.     Defendants, individually and jointly, constitute a single integrated enterprise under the FLSA, 29 U.S.C. § 203(r).

22.     Defendants form a "single employer" because they are part of a single integrated enterprise and/or they are joint employers by jointly operating and providing services and maintaining interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

23.     Defendants, individually and jointly, have an annual gross volume of sales made or business done of not less than $500,000.00.

24.     At relevant times, Defendants shared direct or indirect control and authority over matters governing the essential terms and conditions of employment for Plaintiff and similarly situated employees.

25.     At relevant times, Defendants shared direct or indirect control and authority over the working conditions of Plaintiff and those similarly situated.

26.     At relevant times, Defendants jointly hired and fired employees, supervised and controlled the work schedules and conditions of employees, determined the rate and method of pay, and/or maintained employee records.

27.     Upon information and belief, Defendants apply or cause to be applied substantially the same employment policies, practices, and procedures to all employees across all locations, including those related to the payment of wages, overtime, timekeeping, and the allegations made in this complaint.

28.     The work performed by Plaintiff and similarly situated employees benefited all Defendants and directly or indirectly furthered their joint interests. Therefore, Defendants are also joint employers of Plaintiff and other similarly situated employees.

**B.  Defendants failed to pay Plaintiff and others similarly situate for all time worked, resulting in unpaid overtime.**

29.     Plaintiff and those similarly situated were not exempt from the overtime requirements of the FLSA or Ohio law.

30.     At all relevant times, Plaintiff and others similarly situated regularly worked 40 or more hours per workweek for Defendants.

31.     During all relevant times Defendants had a policy and practice of deducting 30-minute unpaid meal breaks from employees' time worked, including Plaintiff and others similarly situated.

32.     Plaintiff and others similarly situated were often interrupted during their meal breaks or were unable to take their full 30-minute meal breaks due to work duties.

33.     Despite these interruptions and incomplete meal breaks, Defendants continued to deduct, or cause to be deducted, 30 minutes from Plaintiff's and other similarly situated employees' time worked, and this time was not counted towards their weekly total hours.

34.     Defendant failed to accurately record and compensate Plaintiff and those similarly situated for all time worked, as described above.

35.     As a result, Defendants failed to pay Plaintiff and those similarly situated for all hours worked, including overtime compensation for hours worked in excess of 40 in a workweek.

36.     At all relevant times, Defendants were fully aware of the fact that they were legally required to comply with the FLSA and the OMFWSA.

**C.  Defendants failed to pay Plaintiff and those similarly situated all overtime compensation earned because Defendants failed to properly calculated the regular rate of pay.**

37.     Defendants paid Plaintiff and others similarly situated additional, non-discretionary bonuses, that were not calculated into their regular rates of pay, resulting in further underpayment of earned overtime compensation.

38.     For example, Plaintiff's compensation included a base hourly wage of $32.50 and several bonus payments, specifically an attendance bonus (approximately $450 per pay period), a loyalty bonus (approximately $1,200 per month), and a pick-up bonus (approximately $1,800 per pay period).

39.      The attendance and pick-up bonuses were awarded during each pay period, while the loyalty bonus was issued once a month.

6

40.     Because this additional, non-discretionary pay was not included in their regular rates of pay, Defendant violated the FLSA and Ohio law.

41.     Such violation was particularly willful because the underpayment of overtime was apparent on every paystub in which the overtime pay was due.

## COLLECTIVE ACTION ALLEGATIONS

42.     Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of herself and on other similarly situated persons who have similar claims under the FLSA and who have been, are being, or will be, adversely affected by Defendants' unlawful conduct.

43.     The FLSA Collective members who are "similarly situated" to Plaintiff for which Plaintiff seeks to represent and for which Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff herself is a member, is composed of and defined as follows:

> **All current and former hourly employees of Defendants who were subject to Defendants' meal break deduction policy and who worked 40 or more hours during any workweek at any time from three years preceding the filing of this Complaint through the final disposition of this matter ("Meal Break Collective").**
>
> – and –
>
> **All current and former hourly employees of Defendants who received additional, non-discretionary income, including, but not necessarily limited to, attendance bonuses, loyalty bonuses, and/or pick-up bonuses, and paid for more than 40 hours in any workweek from three years preceding the filing of this Complaint through the final disposition of this matter ("RROP Collecitve").**

44.     The Meal Break Collective and RROP Collective will be jointly be referenced as the FLSA Collective or Collectives.

45.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and

costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly

situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those

other employees and is acting on behalf of their interests as well as her own in bringing this action.

46.     Such persons are "similarly situated" with respect to Defendants' FLSA violations in

that all were hourly non-exempt employees, and all were subjected to and injured by Defendants'

unlawful practice of failing to pay Plaintiff and others similarly situated an overtime premium of one

and a half times their regular rate for all hours that exceeded 40 in the workweek. All have the same

claims against Defendants for unpaid overtime compensation as well as for liquidated damages,

attorneys' fees, and costs.

47.     The identities of the putative FLSA Collective Members are readily identifiable

through the payroll records Defendants have maintained, and were required to maintain, pursuant to

the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

## OHIO CLASS ACTION ALLEGATIONS
### (Ohio Class)

48.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of

herself and others similarly situated who have similar claims under the laws of the State of Ohio (the

"Ohio Class"), which is defined as:

> **All current and former hourly employees of Defendant who were subject to Defendants' meal break deduction policy and who worked 40 or more hours during any workweek at any time from the two years preceding the filing of this Complaint through final disposition of this matter. ("Meal Break Class").**

> – and –

> **All current and former hourly employees of Defendants who received additional, non-discretionary income, including, but not necessarily limited to, attendance bonuses, loyalty bonuses, and/or pick-up bonuses, and paid for more than 40 hours in any workweek from three years preceding the filing of this Complaint through the final disposition of this matter ("RROP Class").**

49.     The Meal Break Class and RROP Class will be jointly be referenced as the Ohio Class or Classes.

50.     Each Class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown, but is estimated to exceed 40 individuals each, whose identities are ascertainable from the payroll records Defendants have maintained, and were required to maintain, pursuant to Ohio law. Ohio Const. art. II, § 34a.

51.     There are questions of law or fact common to the Ohio Classes including whether Defendants failed to pay non-exempt hourly employees, such as Plaintiff and those similarly situated, for hours worked in excess of 40 in any week at the lawful amount of one and one-half times their respective properly calculated regular rates.

52.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the Classes, listed above, are common to each Class as a whole, and predominate over any questions affecting only individual Class members.

53.     Plaintiff's claims are typical of the claims of other members of the Ohio Classes. Plaintiff's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of other members of the Ohio Classes.

54.     Plaintiff and the Ohio Classes have all been injured in that they have been uncompensated due to Defendants' common policy, and practice, and willful conduct. Defendants' corporate wide policies and practices affected the Ohio Classes similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Ohio Class members.

55.     Plaintiff will fairly and adequately protect the interests of the Ohio Classes. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members.

56.     Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Classes in this case.

57.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

58.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

59.     Plaintiff brings this claim for violations of the FLSA's overtime provisions on behalf of herself and the FLSA Collective members who will join this case pursuant to 29 U.S.C. § 216(b).

60.     The FLSA requires that Defendants' hourly non-exempt employees receive overtime compensation for hours worked in excess of 40 per week of "not less than one and one-half times" the employees' properly calculated "regular rate." 29 U.S.C. § 207(a)(1).

61.     Plaintiff and the Meal Break Collective members were not paid for all time worked because Defendant deducted a 30-minute meal period even though Plaintiff and the FLSA Collective members worked through the meal periods or were otherwise interrupted by work duties.

62.      Plaintiff and the RROP Collective members were not paid all overtime earned because Defendants failed to include non-discretionary compensation, including but not limited to bonuses, into their regular rates of pay when calculating overtime.

63.      Plaintiff and the FLSA Collective members were not paid lawful overtime compensation of one and one-half times their properly calculated regular rates for hours worked in excess of 40 in a workweek, resulting in violations of the FLSA.

64.      Defendant failed to pay Plaintiff and the FLSA Collective members the required overtime compensation.

65.      At all relevant times, Defendants knew they were required to pay Plaintiff and the FLSA Collective members all overtime compensation earned at a rate of one and a half times their properly calculated regular rate.

66.      Defendants' practice and policy of not paying Plaintiff and other similarly situated for all earned overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay for all hours worked in excess of 40 hours per workweek is a violation of the FLSA.

67.      By engaging in that practice, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

68.      The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Plaintiff and the FLSA Collective members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants.

69.      As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA Collective members were injured in that they did not receive all overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

## COUNT TWO
### (Ohio Class Overtime Violations)

70. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

71. Plaintiff brings this claim for violation of the OMFWSA, on behalf of herself and all Ohio Class members for which certification is sought pursuant to Fed. R. Civ. P. 23.

72. Plaintiff and the Meal Break Class members were not paid for all time worked because Defendants deducted, or caused to be deducted, 30-minute meal periods even though Plaintiff and others similarly situated worked through the meal periods or were otherwise interrupted by work duties.

73. Plaintiff and the RROP Class members were not paid all overtime earned because Defendants failed to include non-discretionary compensation, including but not limited to bonuses, into their regular rates of pay when calculating overtime.

74. Plaintiff and the Ohio Class members were not paid for lawful overtime compensation of one and one-half times their properly calculated regular rates for all hours worked in excess of 40 in a workweek, resulting in overtime violations of Ohio law.

75. Defendants failed to pay Plaintiff and the Ohio Class members the required overtime compensation.

76. At all relevant times, Defendants knew they were required to pay Plaintiff and the Ohio Class members all overtime compensation earned at a rate of one and a half times their properly calculated regular rate.

77. Defendants' practice and policy of not paying Plaintiff and the Ohio Class members for all earned overtime compensation at a rate of one and one-half times their properly calculated

regular rate of pay for all hours worked in excess of 40 hours per workweek is a violation of the OMFWSA.

78.    The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Plaintiff and the Ohio Class members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants.

79.    As a result of Defendants' violations of the OMFWSA, Plaintiff and the Ohio Class members were injured in that they did not receive all overtime compensation due to them pursuant to Ohio's wage and hour laws.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, respectfully request that this Honorable Court:

A.    Authorize Court-approved notice to be issued to similarly situated persons informing them of this action and enabling them to opt-in pursuant to the FLSA, 29 U.S.C. §216(b);

B.    Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and the Ohio Class;

C.    Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, the Opt-Ins who join, and the Ohio Class;

D.    Award Plaintiff, the Opt-Ins who join and the Ohio Class actual damages for unpaid overtime wages;

E.    Award Plaintiff and the Opt-Ins who join liquidated damages equal in an amount to the unpaid overtime wages found due to Plaintiff and the Opt-Ins;

F.    Award Plaintiff, the Opt-Ins who join, and the Ohio Class pre-judgment and post-judgment interest at the statutory rate;

G.    Award Plaintiff, the Opt-Ins who join, and the Ohio Class all attorneys' fees, costs, and disbursements incurred in prosecuting this action; and,

H.    Award Plaintiff, the Opt-Ins who join, and the Ohio Class any such further and additional relief as this Court deems just and proper.

Respectfully Submitted,

*/s/ Hans A. Nilges*
Hans A. Nilges (Ohio 0076017)
**NILGES DRAHER LLC**
7034 Braucher Street, N.W., Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email:  hans@ohlaborlaw.com

Robi J. Baishnab (0086195)
**NILGES DRAHER LLC**
1360 E 9th St, Suite 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email:  rbaishnab@ohlaborlaw.com

Scott D. Perlmuter (OH Bar 0082856)
**TITTLE & PERLMUTER**
4106 Bridge Ave.
Cleveland, OH 44113
216-308-1522
Fax: 888-604-9299
scott@tittlelawfirm.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Hans A. Nilges*
Counsel for Plaintiff